UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK TRUST, N.A.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIA ELBA DOMINGUEZ,<br><br>　　　　Defendant. | Case No.   5:15-cv-04053-EJD<br><br>**ORDER REMANDING CASE** |

### I.   INTRODUCTION

Defendant Maria Elba Dominguez ("Defendant") removed the instant unlawful detainer action originally filed in Monterey County Superior Court by Plaintiff U.S. Bank Trust, N.A. ("Plaintiffs"). See Docket Item No. 1. According to the state court Complaint, Plaintiff purchased certain real property located in Salinas, California, at a Trustee's Sale on May 28, 2015. See id.

As is its obligation, the court has reviewed this action to determine whether federal jurisdiction exists. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). It does not. Accordingly, this action will be remanded to the state court from which it originated.

### II.   DISCUSSION

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.");

see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

It falls upon the removing defendant to show the basis for federal jurisdiction. Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

Here, the Notice of Removal reveals that Defendant removed this action on the basis of federal question jurisdiction. When removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

Here, the original complaint asserts only one cause of action for unlawful detainer, which does not arise under federal law and cannot support federal-question jurisdiction. See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist. LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v. Rosario, No. C 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL 1754053 (N.D. Cal. May 9, 2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist. LEXIS 130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010). That being the case, a federal question does not appear from

the face of the complaint.  Any actual or anticipated cross-claims and counterclaims or any potential notice violations under the "Tenants at Foreclosure Act of 2009 [12 U.S.C. § 5220]" are irrelevant to this analysis since those claims are not contained in the original complaint.  See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense).

Removal is also improper based on diversity jurisdiction had Defendant asserted it because this case was originally filed in a California state court and, based on her address, Defendant is a citizen of California.  Thus, even assuming the parties are diverse and the amount in controversy requirement is met (which does not appear to be the case), 28 U.S.C. § 1441(b) prohibits removal by Defendant on that basis.[1]

### III.  ORDER

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over this action.  Accordingly, the Clerk shall remand the case to Monterey County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated:  September 9, 2015



EDWARD J. DAVILA
United States District Judge

---

[1] "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

3
Case No.: 5:15-cv-04053-EJD
ORDER REMANDING CASE